UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | Case No. 14-15362 |
| KOWASHEIA DENISE HYMON, | ) | Hon. Jacqueline P. Cox |
| | ) | Hearing: Tues., July 28, 2015 |
| Debtor. | ) | at 10:30a.m. |

## NOTICE OF MOTION

TO: SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on **Tuesday, July 28, 2015 at 10:30 a.m**., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Jacqueline P. Cox, presiding in Courtroom 680, in the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present the **Application of Trustee's Attorneys for the Allowance of Final Compensation and Reimbursement of Expenses** and shall seek entry of an order in accordance therewith.

/s/ Norman B. Newman
Norman B. Newman, Trustee

Norman B. Newman, ARDC No. 02045427
MUCH SHELIST, P.C.
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone: 312.521.2000
Facsimile:  312.521.2100

## CERTIFICATE OF SERVICE

Norman B. Newman, an attorney, hereby certifies that on June 23, 2015, he electronically filed this Application for Compensation with the Clerk of the Court via the Court's CM/ECF system which will send electronic notification to those individual registered to receive notice and via U.S. mail to those parties as indicated on the attached service list.

/s/Norman B. Newman

## SERVICE LIST

Office of the United States Trustee
219 S. Dearborn St.
8th Floor
Chicago, IL 60604

Nathan Curtis
Geraci Law, LLC
55 E. Monroe Street, Suite 3400
Chicago, IL 60603

Kowasheia Hymon
9 N. Waller, 3rd Floor
Chicago, IL 60644
VIA U.S. MAIL

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | Case No. 14-15362 |
| **KOWASHEIA DENISE HYMON,** | ) | Hon. Jacqueline P. Cox |
| | ) | Hearing:  Tues., 7/28/15 |
| Debtor. | ) | at 10:30a.m. |

**APPLICATION OF TRUSTEE'S ATTORNEYS FOR THE
<u>ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>**

Much Shelist, P.C. ("Much Shelist"), attorneys for Norman B. Newman, not individually but solely as the Chapter 7 Trustee herein (the "Trustee"), moves this Court, pursuant to Sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, for the allowance of final compensation and reimbursement of expenses for services rendered during the period July 29, 2014 through June 4, 2015.  In support of this Application, Much Shelist respectfully states as follows:

1. On April 24, 2014, Kowasheia Denise Hymon (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.  The Trustee was subsequently appointed, qualified and continues to serve as Chapter 7 Trustee herein.

2. On August 19, 2014, this Court entered an Order authorizing the Trustee to employ Much Shelist as his attorneys in this case.  This application includes legal services rendered by the Trustee.  Mr. Newman has taken care to distinguish his legal services from his Trustee services.  Attached hereto as Exhibit "A" is an itemization of Mr. Newman's Trustee services.

3. Other than as permitted under Section 504 of the Bankruptcy Code, Much Shelist has no agreement with any person or firm whatsoever with regard to its compensation in this

case. To date, Much Shelist has received no amounts whatsoever for services it has rendered in this case.

4.  Much Shelist provided 33.00 hours of services on behalf of Trustee during the time period covered by this application. The following is a summary of time expended, by individual, during the time period covered by this application:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 15.30 hrs. | $625.00/hr. | $9,562.50 |
| Neil B. Posner | 5.40 hrs. | $515.00/hr. | 2,781.00 |
| Folarin S. Dosunmu | 8.80 hrs. | $376.59/hr.* | 3,314.00 |
| John A. Benson, Jr. | 1.30 hrs. | $350.00/hr. | 455.00 |
| | | | |
| **Paralegal** | | | |
| Sandy Holstrom | 2.20 hrs. | $200.00/hr. | 440.00 |
| | | | |
| **TOTAL** | **33.00 hrs.** | | **$16,552.50** |

*During the time period covered by this application, the hourly rates of some of the individuals who provided services changed. The hourly rate reflected is an average rate.

5.  Attached hereto as Exhibit "B" is a statement of legal services rendered. The services are listed chronologically and are separated by activity. Certain time entries could have been listed under a different activity, but there is no duplication of time entries. The services were rendered in connection with and in furtherance of assisting the Trustee in the performance of his duties as delineated by §704 of the Bankruptcy Code. This application complies with the standards enunciated in <u>In re Continental Securities Litigation</u>, 572 F. Supp. 931 (N.D. Ill. 1983) <u>modified</u> 692 F.2d 766 (7th Cir. 1992).

6.  At all times relevant hereto, Much Shelist provided legal services in the most efficient and cost effective manner. Much Shelist's goal was to obtain a positive resolution of the matter at hand, while in the process minimizing the costs to the estate.

7.  During the time period covered by this application, Much Shelist's attorneys have provided services to the Trustee with respect to the following matters:

2

A. **Employment of Professionals (Tab B-1)**: A total of 6.90 hours of time was expended by Much Shelist with the preparation of pleadings and an appearance in Court on the Trustee's Motion to Employ Attorneys and Motion to Employ Special Counsel. The individuals who provided services in connection with the Trustee's employment of attorneys and the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 5.00 hrs. | $625.00/hr. | $3,125.00 |
| Folarin S. Dosunmu | 1.90 hrs. | 375.00/hr. | 712.50 |
|  |  |  |  |
| **TOTAL:** | **6.90 hrs.** |  | **$3,837.50** |

B. **Disposition of Assets (Tab B-2)**: A total of 24.90 hours of time was expended by Much Shelist in connection with the disposition of the assets of this estate. Originally, the assets of this estate consisted of a possible medical malpractice claim held by the Debtor against Dr. Alexander Wu and West Suburban Hospital (the "Medical Malpractice Claim"). Upon investigation into the Medical Malpractice Claim, the attorney representing the Debtor with respect to the Medical Malpractice Claim disclosed the possibility of a legal malpractice claim (the "Legal Malpractice Claim").

**Medical Malpractice Claim**:

Counsel engaged in numerous telephonic and written communications with the Debtor, the Debtor's attorney and her personal injury attorney to request background information and to obtain a status as to potential recovery in the Medical Malpractice Claim. During that time, it was discovered that the statute of limitations had elapsed for initiating certain legal action on the Medical Malpractice Claim, negating any recovery for Trustee.

Time was expended by Much Shelist in the preparation, filing and appearance in Court on the Trustee's Motion to Abandon the Medical Malpractice Claim.

3

**<u>Legal Malpractice Claim</u>**:

As a result of the inability to prosecute the Medical Malpractice Claim, Much Shelist was engaged in telephonic discussions with the Debtor and Debtor's counsel regarding pursuing a legal malpractice action. Meetings were conducted to discuss the prosecution of a claim against the attorney who represented the Debtor in the Medical Malpractice Action and the possibility of pursuing claims against his insurance carrier (the "Legal Malpractice Claim"). The Trustee employed special counsel to prosecute the Legal Malpractice Claim.

Much Shelist participated with the Trustee's special counsel in reviewing documents pertaining to the alleged mishandling of the Medical Malpractice Claim. Counsel also reviewed medical records and insurance coverage documents in order to prepare appropriate pleadings. Time was spent communicating with the insurance carrier's attorney regarding initiating legal proceedings and making a demand for payment on account of the Legal Malpractice Claim. After weeks of negotiations with all parties involved, an offer was made to settle without further litigation. Time was also spent preparing the Trustee's Motion to Resolve the Legal Malpractice Claim and appearing in Court on same.

Through the efforts of the Trustee's special counsel, approximately $15,000.00 was collected for the creditors of this estate. The Trustee made a settlement with the Debtor with respect to her personal injury exemption claim. The Trustee paid $6,000 to the Debtor on account of her exemption claim.

The individuals who provided services in connection with the Disposition of Assets and the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 9.10 hrs. | $625.00/hr. | $5,687.50 |
| Neil B. Posner | 5.40 hrs. | $515.00/hr. | 2,781.00 |
| Folarin S. Dosunmu | 6.90 hrs. | $377.03/hr./* | 2,601.50 |

4

| | | | |
|---|---|---|---|
| John A. Benson, Jr. | 1.30 hrs. | $350.00/hr. | 455.00 |
| | | | |
| **Paralegal** | | | |
| Sandy Holstrom | 2.20 hrs. | $200.00/hr. | 440.00 |
| | | | |
| **TOTAL:** | **24.90 hrs.** | | **$11,965.00** |

*During the time period covered by this application, the hourly rates of some of the individuals who provided services changed. The hourly rate reflected is an average rate.

      **D.**      **Fee Applications (Tab B-3)**: Much Shelist expended 1.20 hrs. dealing with the preparation of this fee application. The attorney who provided services in this category and the time expended by him is as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 1.20 hrs. | $625.00/hr. | $750.00 |
| | | | |
| **TOTAL:** | **1.20 hrs.** | | **$750.00** |

      8.      During the time period covered by this Application, Much Shelist incurred out-of-pocket expenses in the amount of $94.68. Attached hereto as Exhibit "C" is an itemization of Much Shelist's out-of-pocket expenses. Much Shelist asserts that these out-of-pocket expenses were reasonable in its representation of the Trustee.

      9.      The services rendered by Much Shelist as the Trustee's counsel have resulted in a benefit to this estate. Unfortunately, if the fees requested are awarded in full, there will be no funds available for distribution to unsecured creditors.

      **WHEREFORE**, Much Shelist, P.C. respectfully requests that this Court enter an Order as follows:

      1.      Granting this Application and awarding Much Shelist final compensation in the amount of $16,552.50 plus reimbursement of out-of-pocket expenses in the amount of $94.68 for services rendered during the period July 29, 2014 through June 4, 2015;

5

2. Authorizing the Trustee to pay Much Shelist the compensation awarded forthwith as a Chapter 7 expense of administration of this estate; and

3. Granting such other and further relief as this Court deems just and appropriate.

**Much Shelist, P.C.**

By: /s/ Norman B. Newman
One of Its Attorneys

Norman B. Newman (Atty. ID# 02045427)
**Much Shelist, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
312-521-2000

6

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | Case No. 14-15362 |
| KOWASHEIA DENISE HYMON, | ) | Hon. Jacqueline P. Cox |
| | ) | Hearing: Tues., 7/28/15 |
| Debtor. | ) | at 9:30a.m. |

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL SERVICES**

Name of Applicant:                    Much Shelist, P.C.

Authorized to provide professional services to:    Norman B. Newman, Chapter 7 Trustee

Date of Order Authorizing Employment:    August 19, 2014

Period for which compensation is sought:    July 29, 2014 through June 4, 2015

Amount of fees sought:    $16,552.50

Amount of expense reimbursement sought:    $94.68

Retainer previously received:    $0.00

This is a(n):    Interim Application ___    Final Application __X__

Prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| | | | | |

    The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00

Dated: 6/23/15                                **MUCH SHELIST, P.C.**

                                By: /s/Norman B. Newman

7

4321768_1